IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

|  |  |
|---|---|
| Richard D. Thomas, ) | C/A No. 1:10-1679-TMC |
| ) |  |
| Plaintiff, ) |  |
| ) | **ORDER** |
| v. ) |  |
| ) |  |
| Michael J. Astrue, Commissioner ) |  |
| of Social Security Administration, ) |  |
| ) |  |
| Defendant. ) |  |

On June 16, 2011, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that he was the prevailing party and the position taken by the Defendant in this action was not substantially justified. Defendant filed a response on June 30, 2011, stating the government does not object to the award of fees.

Under the EAJA, a court shall award attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district court has broad discretion to set the attorney fee amount. "[A] district

---

[1] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the could should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court has concluded that the position of the Commissioner was not substantially justified. In fact, Defendant agreed to and moved for a remand in this case. Therefore, after a thorough review of the record in this case, the court determines that a proper showing has been made under EAJA and that the fees and costs sought should be approved by this court.

Plaintiff's attorney seeks an hourly rate in excess of $125 per hour to adjust for an increase in the cost of living allowance (COLA). Specifically, he seeks an award of $173.88 per hour. Plaintiff's attorney determined the hourly rate of $125 by dividing the average CPI-U for November 2010 (212.0) by the average CPI-U for March 1996 (152.4), the month of the re-enactment of the EAJA. The result of 135.1 is then multiplied by the base hourly rate of $125 to obtain the hourly rate of $173.88. The Commissioner has made no response to Plaintiff's calculation of the hourly rate and the court finds such calculation reasonable. Plaintiff also seeks $16.00 in expenses, the certified mailing fee, for a total of $2,502.48 in attorney fees and expenses. Additionally, Plaintiff seeks $357.00 for costs.

Based on the foregoing and after considering the briefs and materials submitted by the parties, it is therefore ordered that Plaintiff is awarded $2,502.48 in attorney fees and

expenses and $357.00 for costs,[2] as requested by Plaintiff's counsel.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

November 1, 2011  
Greenville, South Carolina

---

[2]Costs are paid from the Judgment Fund, rather than from agency funds. *See* 28 U.S.C. §§ 2412(c), 2444.

[3]The fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 505 U.S. ___, No. 08-1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).